RONALD STEWART DICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dick v. Commissioner
Docket No. 12436-82.
United States Tax Court
T.C. Memo 1984-2; 1984 Tax Ct. Memo LEXIS 668; 47 T.C.M. (CCH) 809; T.C.M. (RIA) 84002; January 3, 1984. Ronald Stewart Dick, pro se. Marga S. Richmond, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax for the taxable years 1979 and 1980: Addition to tax
Year
Deficiency
(Sec. 6653(a)) [1]
1979
$15,644.60
$782.23
1980
17,236.12
861.81
Respondent also determined an overpayment of $672.83 in petitioner's 1978 Federal income tax. The issues for decision are: (1) whether this Court has jurisdiction *669 over 1978; [2] (2) what business expenses claimed by petitioner are deductible; (3) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Maryland when he filed his petition herein. This case revolves around difficulties petitioner has with his former employer, the Social Security Administration (SSA). In 1975, petitioner was involuntarily retired by SSA from his position as an operations analyst after he was diagnosed as paranoid. Petitioner has contended in numerous lawsuits since that time that he was "fraudulently" diagnosed and "illegally" retired and that he still is, in fact, employed by SSA. [3] To this end, petitioner has reported as income *670 the salary he would have received had he been employed by SSA; the disability income received by petitioner from the United States is viewed by him as partial payment of his salary. [4]
On his income tax returns, petitioner claimed as business expenses the full amount of the income he reported. [5] Petitioner's explanation on the return for the 1979 deduction was "Business Loses [sic] for Failure of IRS and Maryland Tax Court to Hold Trial." Petitioner's explanation on the return for the 1980 deduction was "Damages for Not Obeying Maryland Tax Court 6/11/80 By IRS." [6]
*671 During 1979 and 1980, petitioner incurred substantial legal fees. Some portion of those fees was related to lawsuits filed by petitioner to gain reinstatement to his position with SSA plus back pay; some other portion of those fees was related to tax litigation in Maryland Tax Court. Petitioner submitted to this Court cancelled checks for the following expenses in 1979: $234.00 for professional dues and publications; $691.70 for court costs and costs of printing briefs; $7,300.00 for attorney's fees. On petitioner's 1979 return, petitioner claimed itemized deductions of $434.00. For 1980, petitioner presented cancelled checks for, inter alia, the following expenses: $1,415.45 for court costs and costs of printing briefs; $9,900 for attorney's fees. Petitioner claimed no itemized deductions on his 1980 return. OPINION We must first determine whether this Court has jurisdiction over petitioner's 1978 return. Respondent determined an overpayment rather than a deficiency for that year. This Court has jurisdiction only for a taxable year in which a deficiency has been determined. See ; ; *672 . Hence, we are without jurisdiction over petitioner's 1978 return. As a cash basis taxpayer, petitioner was clearly in error in reporting income which he did not actually or constructively receive. . Nor is petitioner entitled to his claimed deduction as business expenses of amounts equal to the income he reported, thereby reducing what he claimed as his taxable income to zero. Petitioner filed his returns in this manner because of a dispute he has with his former employer, SSA. Without commenting on the merits of petitioner's grievance with SSA, [7] we note that this Court is not the forum in which such a grievance can be resolved and that his grievance is irrelevant to the question of his tax liability.See , affd. per curiam . Nor is petitioner entitled to any loss deduction for amounts which he claims should have been paid but were erroneously withheld from him. , and cases cited therein. The long and *673 the short of the matter is that petitioner received income in the form of disability retirement benefits and they are clearly fully taxable as such without offset in the manner sought by petitioner. See , affd. per curiam . Respondent concedes on brief that petitioner is entitled to itemized deductions of $434.00, as listed on the 1979 return. [8] Respondent also concedes on brief that petitioner is entitled to some deductions for legal expenses. It is clear that some of the legal expenses incurred by petitioner are deductible under section 162 as expenses incurred to regain regular employment, see generally ; other of the expenses are deductible under section 212(3) as expenses incurred to recover taxes, see, e.g., . However, petitioner, who has the burden of proof, Rule 142(a), *674 has made little effort to establish what portion of the legal expenses he incurred was paid for deductible purposes. Nevertheless, we are convinced that petitioner incurred substantial deductible legal expenses. Hence, under the rule of , we find that petitioner incurred deductible legal expenses, including all costs relating thereto, of $4,000 in 1979 and $5,000 in 1980. Petitioner has not sustained his burden of proving any other deductible expenses. Rule 142(a). Finally, we must determine whether any part of petitioner's underpayment for the 1979 and 1980 taxable years was due to negligence or intentional disregard of rules and regulations under section 6653(a). Here again, petitioner has the burden of proof. Rule 142(a). He has presented no evidence whatsoever on this point. Moreover, from the lawsuits petitioner has lost in the past when he attempted to write off damages after difficulties *675 with employers, see the cases cited at n. 3, supra, petitioner must have been aware that such write-offs are not permissible under Federal tax law. We hold that petitioner is liable for the section 6653(a) additions to tax as determined by respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all references to Rules are to the Tax Court Rules of Practice and Procedure. ↩
2. Because of our resolution of this issue, we do not reach other issues relating to 1978.↩
3. See also Dick v. United States,↩ an unreported case ( USTC par. 9166), affd. per curiam in an unreported case (4th Cir. 1976, USTC par. 9165); , affd. per curiam . 4. Petitioner argues that if he "accepts" the disability payment as disability payment, it will jeopardize his attempts to acquire and maintain the security clearance that he contends is necessary for him to pursue his career as a mathematician.↩
5. During 1979, petitioner reported income of $46,763.10; respondent determined that petitioner received disability income of $13,644.00, wages from Chi Associates of $26,300.01, and interest income of $847.10 (total income $40,791.11) in that year. During 1980, petitioner reported income of $77,802.24; respondent determined that petitioner received disability income of $15,414.00, wages from Chi Associates of $26,721.75, and interest income of $1,080.49 (total income $43,216.24) in that year. At no time during either of these years did petitioner receive a salary from SSA. ↩
6. The Maryland Tax Court decision cited by petitioner involved his 1977 and 1978 taxes. In that case, the State conceded that petitioner had substantiated deductible expenses of approximately $12,000 for 1978. The decision did not, as petitioner seems to contend, determine either that petitioner was improperly dismissed by SSA or that he was properly reporting as salary↩ money he received as disability pay.
7. We need not determine the merits of petitioner's claim against SSA to decide the tax issues involved herein. See .↩
8. This amount, which consisted of professional dues, medical expenses, and charitable contributions, was unused on the 1979 return because it was below the allowable floor for a married taxpayer filing separately.↩